PER CURIAM.
After extensive study, the Florida Board of Bar Examiners petitioned this Court for approval of substantial amendments to the Rules of the Supreme Court of Florida Relating to Admissions to the Bar. By decision rendered November 20, 1980, we published the Board’s petition and the proposed rules and requested that all interested persons comment on the proposed changes no later than January 15, 1981. Several responses were filed and have been considered by the Court.
The deans of the Florida law schools have filed comments directed to the Board’s Form 3, “Certificate of Dean of Law School,” which form is required to be filed *628 with the Board by proposed article IV, section 4(b), Rules of the Supreme Court of Florida Relating to Admissions to the Bar. As presently worded, this form requires the dean of a law school to state whether he or she would or would not recommend a graduate of his or her law school for a position of confidence. The deans state that, because in most cases a graduate is not sufficiently well known to the dean so as to enable him or her to make such a personal recommendation, their statement generally is “would not” so recommend. They suggest that this form of the Board be amended to say that there either are or are not matters known to the dean or contained in the graduate’s record which deprecate the graduate’s good moral character. We find this suggestion to have merit as did the Board in its oral argument presentation before this Court. The Board acknowledged the necessity for change in Form 3 and stated that it intended to amend the form consistent with the deans’ suggestion. No change in the proposed rules is necessary to indicate this revision of the form.
Further, the Court finds and the Board agreed at oral argument that contempt for failure to comply with proposed article I, section 10 should be called “contempt of the Board” rather than “contempt of the Court.” Additionally, since noncompliance with the Board’s subpoena may not always result in a finding that the person subpoenaed is in contempt of the Board, we change the word “shall” in the proposed article I, section 10, to “may.” Thus, with our modification, article I, section 10, will read:
Whenever any person subpoenaed to appear and give testimony or to produce books, papers or documents, refuses to appear or testify before the Board, or any division or committee thereof, or to answer any questions, or to produce such books, papers or documents, such person may be in contempt of the Board. The Board shall report the fact that a person under subpoena is in contempt of the Board for such proceedings against such person as the Court may deem advisable.
We also have revised proposed article III, section 3(b), which would allow the Board on its own to continue its investigation and to delay its decision on admission for up to one year after final hearing. This proposed rule is modified to permit the Board to petition this Court for an extension of time, not to exceed one year, to continue its investigation when sufficient time has not passed since the occurrence of behavior described in one or more of the specifications so as to permit the Board to determine whether the applicant has established his or her qualification. It is further modified to permit the applicant an opportunity to show cause why an extension should not be granted.
Among the revisions suggested by the Board which we approve is the replacement of the present Board-developed professional responsibility examination with a multi-state professional responsibility examination administered three times annually by the National Conference of Bar Examiners and its designee. In reference to the ethics portion of the Bar examination, we take this opportunity to emphasize that this examination is intended to be a test of knowledge and awareness of professional standards and not a test of the honesty or dishonesty or ethical or unethical characteristics of an applicant. The multistate ethics examination is calculated to test knowledge of the Codes of Judicial Conduct and Professional Responsibility of the American Bar Association.
Finally, we acknowledge the suggestion in one of the responses that there be lay representation on the Board. The Board, at oral argument, advised the Court that it is presently studying this question. We direct the Board to continue its study and to make its recommendation to this Court by July 15, 1981, as to whether there should be nonlawyer representation on the Board and, if so, what the extent of this representation should be and what the procedure should be for selecting nonlawyer Board members.
Having studied the proposed changes, having considered the comments to these amendments, and having heard oral argu *629 ment in this matter, we hereby approve the following Rules Relating to Admissions to The Florida Bar. These rules shall be effective 12:01 a. m. June 1,1981. Examinees who achieve a passing score on any part of the Florida Bar examination under the current rules prior to the effective date of these rules will be entitled to retain that passing status for the equivalent part for the time period provided under article VI, section 9 of these new rules.
It is so ordered.
BOYD, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
SUNDBERG, C. J., concurs in part and dissents in part with an opinion, with which OVERTON, J., concurs.